MARGARET WHITE AND LEONA BLOUNT HELMS, APPELLANTS v. UNION COUNTY AND UNION COUNTY ZONING BOARD OF ADJUSTMENT, APPELLEES

No. 8820SC671

(Filed 7 March 1989)

1. **Municipal Corporations § 31; Counties § 5.4— denial of special use permit—complaint filed in superior court—direct attack on zoning ordinance**

    Plaintiff's complaint, filed in the superior court after a county board of adjustment denied her application for a special use permit for her mobile home and alleging that a county ordinance requiring a pre-1976 mobile home to be valued at $5,000 or more in order to be used as a residence exceeds the power granted the county by statute to enact zoning ordinances, constituted a direct attack on the ordinance permitted by N.C.G.S. § 15A-348, and the trial court erred in dismissing the complaint for failure to state a claim for relief. N.C.G.S. §§ 153A-340, 160A-383.1.

2. **Municipal Corporations § 31— denial of special use permit—review by certiorari—sufficiency of complaint**

    Plaintiff's complaint filed in the superior court was sufficient to obtain review in the nature of certiorari of a decision of a county board of adjustment denying her a special use permit for a mobile home, and the trial court erred in denying plaintiff's motion to amend her complaint pursuant to Rule 15(a) to caption it a "Petition for Writ of Certiorari," notwithstanding the complaint failed to request the court to issue a writ of certiorari or to review the board's action, where the complaint invoked the court's jurisdiction under the correct statute, N.C.G.S. § 153A-345(e), and where the complaint set forth facts sufficient to establish the right to review by certiorari.

APPEAL by plaintiffs from *Helms (William H.), Judge*. Judgment entered 29 March 1988 in Superior Court, UNION County. Heard in the Court of Appeals 13 December 1988.

The following is a summary of the facts set out in plaintiff's complaint:

Since 1983 plaintiff White has lived in her pre-1976 mobile home which sits on a twenty-two acre lot in Union County. The

lot is owned by her elderly mother, plaintiff Helms, who lives in a cabin on the same property. Neither the cabin nor the mobile home have electricity.

Plaintiff White is disabled, and for health, safety and reasons of convenience she wishes to have electricity in her mobile home. In order for electrical service to be installed Union County ordinance requires that she first get a special use permit for the mobile home from the Union County Board of Adjustment.

In October of 1987, plaintiff applied to the Union County Zoning Board of Adjustment for a special use permit for her mobile home so that she could have electrical service installed. A recently adopted land use ordinance which took effect in September 1987 states that only mobile homes built after 1976 or valued at or more than $5,000.00 may be used for a residence in Union County. The ordinance allows three methods to prove valuation: a current tax evaluation, a purchase receipt or a commercial appraisal.

At the 2 November 1987 meeting of the Union County Zoning Board of Adjustment, plaintiff attempted to prove the $5,000.00 valuation through testimony and documentary evidence. The Board refused to hear this evidence as it was not one of the three prescribed methods of proof. Instead plaintiff was advised to return in December with a tax-appraised valuation. At the 7 December 1987 meeting plaintiff was unable to meet any of the three tests for valuation. Her application for a special use permit was denied.

On 4 January 1988 plaintiff appealed her denial to the Superior Court for Union County, basing the court's jurisdiction upon N.C.G.S. § 153A-345(e). Defendant timely responded with a motion to dismiss for failure to state a claim. Defendant argued that plaintiff proceeded wrongly by filing an original complaint because the Union County ordinance provides that every decision of the Board of Adjustment is subject to review by the court in proceedings in the nature of certiorari and that plaintiff's complaint amounted to a collateral attack on the ordinance. Plaintiffs timely moved to amend their complaint to caption it "Petition for Writ of Certiorari."

In its orders dated 29 March 1988 the trial court granted defendant's motion to dismiss and denied plaintiff's motion to amend. From these orders plaintiffs appeal.

*Legal Services of Southern Piedmont, Inc., by Thomas W. Brudney and Theodore O. Fillette, for petitioner appellants.*

*Griffin, Caldwell, Helder & Steelman, by Thomas J. Caldwell; and Love & Milliken, by John R. Milliken, for respondent appellees.*

ARNOLD, Judge.

Plaintiff contends that the trial court erred in allowing defendant's motion to dismiss for failure to state a claim pursuant to N.C.R. Civ. P. 12(b)(6) and in failing to allow plaintiff's motion to amend her complaint pursuant to N.C.R. Civ. P. 15(a). We agree.

A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint. *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970). For purposes of the motion to dismiss, the allegations' of the complaint are taken as true. *Smith v. Ford Motor Co*, 289 N.C. 71, 221 S.E. 2d 282, 79 A.L.R. 3d 651 (1976). The complaint is to be liberally construed to determine if a claim has been stated upon which relief can be granted on any theory. *Brewer v. Hatcher*, 52 N.C. App. 601, 279 S.E. 2d 69 (1981).

[1] On appeal plaintiffs contend that the trial court should have allowed their amendment to recaption the complaint "Petition for Writ of Certiorari" or treated the complaint as a direct attack. A direct attack is allowed as prescribed under N.C.G.S. § 153A-348:

A cause of action as to the validity of any zoning ordinance, or amendment thereto . . . shall accrue upon adoption of the ordinance, or amendment thereto, and shall be brought within nine months as provided in G.S. 1-54.1.

Plaintiffs' first claim for relief contends that the Union County land use ordinance requiring:

a resident prove his/her mobile home to be worth at least $5,000.00 in order for that resident to reside in such a mobile home within Union County, is not a legal regulation of land use, and is therefore an *ultra vires* ordinance, in violation of N.C.G.S. § 153A-340.

N.C.G.S. § 153A-340 is the enabling statute which grants power to the county to draft zoning regulations. In pertinent part that statute states:

For the purpose of promoting health, safety, morals, or the general welfare, a county may regulate and restrict the *height,*

*number of stories and size of buildings and other structures*, the percentage of lots that may be occupied, the size of yards, courts and other open spaces, the density of population, and the location and use of buildings, structures, and land for trade, industry, residence. . . .

. . . The regulations may provide that a board of adjustment may determine and vary their application in harmony with their general purpose and intent and in accordance with general or specific rules therein contained. The regulations may also provide that the board of adjustment or the board of commissioners may issue special use permits or conditional use permits in the classes of cases or situations and in accordance with the principles, conditions, safeguards, and procedures specified therein and may impose reasonable and appropriate conditions and safeguards upon these permits.

. . . [E]very such decision of the board of commissioners shall be subject to review by the superior court by proceedings in the nature of certiorari. (Emphasis added.)

The well-settled rule in North Carolina, commonly called Dillon's Rule, states that:

'[A] municipal corporation possesses and can exercise the following powers, and no others: First, those granted in express words; second, those necessarily or fairly implied in or incident to the powers expressly granted; third, those essential to the accomplishment of the declared objects and purposes of the corporation . . . .'

*Greene v. City of Winston-Salem*, 287 N.C. 66, 72, 213 S.E. 2d 231, 235 (1975) [citations omitted]. On appeal plaintiffs point to N.C.G.S. § 160A-383.1 for additional authority for their argument that the $5,000.00 valuation requirement exceeds the power granted by N.C.G.S. § 153A-340 to draft ordinances:

§ 160A-383.1. ZONING REGULATIONS FOR MANUFACTURED HOMES.

(a) The General Assembly finds and declares that manufactured housing offers affordable housing opportunities for low and moderate income residents of this State who could not otherwise afford to own their own home. The General Assembly

further finds that some local governments have adopted zoning regulations which severely restrict the placement of manufactured homes. It is the intent of the General Assembly in enacting this section that cities reexamine their land use practices to assure compliance with applicable statutes and case law, and consider allocating more residential land area for manufactured homes based upon local housing needs.

\* \* \* \*

(d) A city may adopt and enforce *appearance and dimensional* criterial for manufactured homes. Such criteria shall be designed to protect property values, to preserve the character and integrity of the community or individual neighborhoods within the community, and to promote the health, safety and welfare of area residents. The criteria shall be adopted by ordinance. (Emphasis added.)

N.C.G.S. § 106A-383.1 is equally applicable to counties. N.C.G.S. § 153A-341.1.

The nub of plaintiffs' argument is that the legislature has granted the county authority to draft ordinances limiting structures, and mobile homes specifically, only in qualitative terms and not by way of an arbitrary money value. Given the requirements of Dillon's Rule, plaintiffs have stated a direct attack on the ordinance so long as they can show that the attack is timely under N.C.G.S. § 153A-348. For purposes of N.C.G.S. § 153A-348, the timing of plaintiff's complaint should be considered as it would have been on 4 January 1988, the date it was originally brought in superior court. Though not fatal to this appeal, plaintiffs neglected to state the date of adoption of the ordinance and include a copy of the ordinance in the record. Such proof will be necessary on remand.

[2] Plaintiffs also contend that the trial court erred in denying their motion to amend, so that, in the alternative, they could proceed with their appeal under N.C.G.S. § 153A-345(e). N.C.G.S. § 153A-345(e) requires that "[e]ach decision of the board [of adjustment] is subject to review by the superior court by proceedings in the nature of certiorari." Defendant argues that plaintiffs' pleading is fatally flawed because it failed to request the court to issue a writ of certiorari or to review the board's action. Defendant's argument is without merit.

## WHITE v. UNION COUNTY

[93 N.C. App. 148 (1989)]

After a responsive pleading has been served, as in this case, "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." N.C.R. Civ. P. 15(a). The denial of a motion to amend is not reviewable absent a clear showing of abuse of discretion. *United Leasing Corp. v. Miller*, 60 N.C. App. 40, 298 S.E. 2d 409 (1982), *disc. rev. denied*, 308 N.C. 194, 302 S.E. 2d 248 (1983). However, abuse of discretion can be shown when there is no justifying reason for denying the amendment such as undue delay, bad faith, undue prejudice or futility. *Id.* at 43, 298 S.E. 2d at 411.

In this case no reason for the denial of the amendment was given, nor can one be deduced from the record. Plaintiffs' original complaint invoked jurisdiction under the very statute that defendants claim plaintiffs should have proceeded under. Further, when a verified pleading alleges facts sufficient to establish the right to review by certiorari, and "contains a general prayer for such remedy as the court shall deem meet and proper. . . . its validity as a pleading is not impaired by the fact that the petitioner does not specifically pray that the court issue a writ of certiorari. . . ." *Russ v. Board of Education*, 232 N.C. 128, 131, 59 S.E. 2d 589, 592 (1950). The amendment should have been allowed.

Should plaintiffs proceed "in the nature of certiorari" pursuant to N.C.G.S. § 153A-345(e) the requirements for that hearing are set out in *Coastal Ready-Mix Concrete Co. v. Board of Commissioners*, 299 N.C. 620, 265 S.E. 2d 379 (1980). *See Humble Oil and Refining Co. v. Board of Aldermen*, 284 N.C. 458, 202 S.E. 2d 129 (1974). However, judging from the record, it appears that plaintiffs' cause fits more squarely within the parameters of N.C.G.S. § 153A-348.

We find it unnecessary to reach plaintiffs' arguments concerning a regulatory taking and equal protection.

For the reasons stated above the orders of the trial court are

Reversed and remanded.

Chief Judge HEDRICK and Judge ORR concur.