RONALD LEE CARTER, ANDREW WILLIAM ATKINS, LARRY McCROSKY, HOUSTON F. MAULDIN, SHERRILL DRYE, WALTER S. SMITH, ROBERT ELWOOD SMITH, BILLY PATRICK SMITH, FREDERICK LANE SMITH, LILLY ROSE STOKER, BETTY JANE SMITH GARNER, AND KENNETH HUNEYCUTT, PLAINTIFFS V. STANLY COUNTY AND THE BOARD OF COUNTY COMMISSIONERS OF STANLY COUNTY CONSISTING OF DAVID MORGAN, MARTHA SUE HALL, JOHN LOWDER, SHERRILL SMITH, AND GERALD EFIRD, DEFENDANTS

No. COA96-705

(Filed 18 March 1997)

## 1. Counties § 54 (NCI4th)— purchase of property—conveyance to State for prison—no statutory authorization

The statute permitting a county to acquire property for use by the county, N.C.G.S. § 153A-158, and the statute authorizing the county to engage in joint use of its property with another governmental unit, N.C.G.S. § 160A-274(b), as limited by Dillon's Rule, do not authorize a county to purchase real property and convey it to the State as an economic inducement to build a prison on the site.

**Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 532 et seq.**

## 2. Counties § 54 (NCI4th)— purchase of property—conveyance to State for prison—authorization by legislative act

Stanly County's purchase of real property for the purpose of conveying it to the State as an inducement to build a prison on the site was validated by the General Assembly's ratification of an

CARTER v. STANLY COUNTY

[125 N.C. App. 628 (1997)]

act stating that Stanly County has the power to acquire property and convey it to the State for use as a correctional facility. The fact that the caption of the act stated that it is an act to "confirm" that Stanly County may purchase and convey such property did not constitute the act a mere resolution stating the opinion of the General Assembly on Stanly County's power under the general law.

**Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 532 et seq.**

**3. Zoning § 103 (NCI4th)— rezoning—use for prison—sufficiency of notification**

A newspaper advertisement for a zoning amendment hearing stating that the county commissioners intended to add "government owned buildings, facilities and institutions" to the list of permitted uses in certain zoning districts was a sufficient notification under N.C.G.S. § 160A-364 of the county's plan to amend its zoning ordinance to allow purchased property to accommodate a state prison.

**Am Jur 2d, Zoning and Planning §§ 586-598.**

**Validity and construction of statutory notice requirements prerequisite to adoption or amendment of zoning ordinance or regulation. 96 ALR2d 449.**

**4. Pleadings § 63 (NCI4th)— Rule 11 sanctions not warranted**

Plaintiffs' conduct in bringing an action to determine the validity of a county's purchase of property for the purpose of transferring it to the State as an inducement to build a prison on the site did not merit Rule 11 sanctions against plaintiffs.

**Am Jur 2d, Pleading § 341.**

Judge WALKER concurring.

Appeal by plaintiffs from dismissal entered 11 April 1996 by Judge Judson D. DeRamus, Jr., in Stanly County Superior Court, and appeal by defendants from orders entered 24 April 1996 and 5 June 1996 by Judge Judson D. DeRamus, Jr., in Stanly County Superior Court. Heard in the Court of Appeals 4 December 1996.

*Ferguson & Scarbrough, P.A., by James E. Scarbrough and Edwin H. Ferguson, Jr.; and Steven F. Blalock, for plaintiff appellants-appellees.*

*Parker, Poe, Adams & Bernstein, L.L.P., by Charles C. Meeker; and Michael W. Taylor for defendant appellant-appellees.*

SMITH, Judge.

The central issue in this appeal is whether Stanly County (the County) has the statutory authority to purchase privately owned land, and then give that land to the State as an enticement for the building of a state prison. Secondary issues are whether the County provided adequate notice of the zoning changes necessary for the placement of the proposed prison on the site, and whether the trial court should have granted defendants' motion for N.C. Gen. Stat. § 1A-1, Rule 11 (1990) sanctions against plaintiffs.

We hold that the County has the authority to effect the land transaction at issue, and so, the trial court's dismissal of plaintiffs' claims was appropriate. Furthermore, we find no error in the trial court's determination that the County provided adequate notice of the zoning amendments and no error in the trial court's denial of defendants' Rule 11 motion for sanctions.

On 10 January 1996, plaintiffs filed suit seeking a declaratory judgment and injunctive relief against the County and members of the County Board of Commissioners. By their suit, plaintiffs questioned the legal propriety of the County's intention to purchase land which would, in turn, be given to the North Carolina Department of Correction for the purpose of building a prison on the site. Plaintiffs allege that the County's use of the land as an inducement to build a prison adversely affects the value of their land and reduces the County's tax base (thereby raising the overall financial burden on the County).

The authority of our courts to render declaratory judgments is set forth in N.C. Gen. Stat. § 1-253 (1996):

Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration

may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree.

While the statute does not expressly so provide, this Court has held on a number of occasions that courts have jurisdiction to render declaratory judgments only when the pleadings and evidence disclose the existence of an actual controversy between parties having adverse interests in the matter in dispute. *Adams v. North Carolina Dept. of Natural and Economic Resources*, 295 N.C. 683, 249 S.E.2d 402 (1978); *North Carolina Consumers Power, Inc. v. Duke Power Co.*, 285 N.C. 434, 206 S.E.2d 178 (1974); *Lide v. Mears*, 231 N.C. 111, 56 S.E.2d 404 (1949).

We have described an actual controversy as a "jurisdictional prerequisite" to a proceeding brought under the Declaratory Judgment Act, the purpose of which is to " 'preserve inviolate the ancient and sound juridic concept that the inherent function of judicial tribunals is to adjudicate genuine controversies between antagonistic litigants with respect to their rights, status or other legal relations.' " *Adams*, 295 N.C. at 703, 249 S.E.2d at 414 (quoting *Lide*, 231 N.C. at 118, 56 S.E.2d at 409).

In *Town of Tryon v. Duke Power Co.*, 222 N.C. 200, 205, 22 S.E.2d 450, 453 (1942), our Supreme Court acknowledged that, although the actual controversy rule may be difficult to apply in some cases and the definition of a "controversy" must depend on the facts of each case, as "[a] mere difference of opinion between the parties" does not constitute a controversy within the meaning of the Declaratory Judgment Act. *Id.* Thus the Declaratory Judgment Act does not "require the court to give a purely advisory opinion which the parties might, so to speak, put on ice to be used if and when occasion might arise." *Id.* at 204, 22 S.E.2d at 453.

When the record shows that there is no basis for declaratory relief, or the complaint does not allege an actual, genuine existing controversy, a motion for dismissal under N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) will be granted. *Kirkman v. Kirkman*, 42 N.C. App. 173, 256 S.E.2d 264, *cert. denied*, 298 N.C. 297, 259 S.E.2d 300 (1979). Prior to the time plaintiffs filed suit, the County had purchased options to the land at the heart of this dispute. As of the date of this appeal, the County was in the process of executing those options to purchase for the purpose of transferring the land to the State. Having examined the pleadings in the case at hand, we conclude that even though this

matter presents a genuine controversy, plaintiffs have no basis for the relief they seek.

Plaintiffs primarily rely upon the assertion that the County's actions exceed the specific but limited authority granted by N.C. Gen. Stat. §§ 153A-158 (1991) and 160A-274(b) (1994). The well-settled rule in this State governing the permissible scope of municipal or county actions, commonly called Dillon's Rule, is set out in *White v. Union County*, 93 N.C. App. 148, 377 S.E.2d 93 (1989). The rule states:

> '[A] municipal corporation possesses and can exercise the following powers, and no others: First, those granted in express words; second, those necessarily or fairly implied in or incident to the powers expressly granted; third, those essential to the accomplishment of the declared objects and purposes of the corporation . . . .'

*White*, 93 N.C. App. at 151, 377 S.E.2d at 95 (quoting *Greene v. City of Winston-Salem*, 287 N.C. 66, 72, 213 S.E.2d 231, 235 (1975)).

[1] Thus, the question framed by plaintiffs is whether the County's use of land as an economic inducement to State investment (*i.e.*, the prison) is permissible under §§ 153A-158 and 160A-274(b) as limited by Dillon's Rule. N.C. Gen. Stat. § 153A-158, reads as follows:

> A county may acquire, by gift, grant, devise, bequest, exchange, purchase, lease, or any other lawful method, the fee or any lesser interest in real or personal property *for use by the county* or any department, board, commission, or agency of the county. In exercising the power of eminent domain a county shall use the procedures of Chapter 40A.

(Emphasis added.) N.C. Gen. Stat. § 160A-274(b) reads:

> Any governmental unit may, upon such terms and conditions as it deems wise, with or without consideration, exchange with, lease to, lease from, sell to, purchase from, or enter into agreements *regarding the joint use* by any other governmental unit of any interest in real or personal property that it may own.

(Emphasis added.)

Defendants argue that "[t]he terms of th[ese] statute[s] are broad in nature; no restriction on the *purpose* of the acquisition is set forth . . . . Thus, pursuant to G.S. § 153A-158 [and § 160A-274(b)], Stanly County has the authority to acquire the real property for the proposed correctional facility." (Emphasis added.)

We think defendants' expansive interpretation of §§ 153A-158 and 160A-274(b) is patently incorrect. First of all, both statutes place express limits on who may use the property purchased by the County. Under § 153A-158, acquired property is *"for use by the county* or any department, board, commission, or agency of the county." (Emphasis added.) Likewise, § 160-274(b) allows the County to engage in a *"joint use* [with] any other governmental unit . . . in real or personal property that [the County] may own." (Emphasis added.) Quite manifestly, and by its own affirmations, the County does not intend to use the property for its own governmental functions, nor does the County intend a joint use of the facility with the State. We think that Dillon's Rule, applied to the plain language of both statutes, straightforwardly and unambiguously denies the County authority to make this transfer.

Neither of these statutes provide *expressly* for the County's actions. Nor do we believe §§ 153A-158 or 160-274(b) necessarily or fairly *imply* such power. Further, we do not believe that this particular economic inducement is *essential or indispensable* to " 'the declared objects and purposes of the [County].' " *White*, 93 N.C. App. at 151, 377 S.E.2d at 95 (citation omitted); and *see Bowers v. High Point*, 339 N.C. 413, 451 S.E.2d 284 (1994).

[2] Therefore, we hold that the County's purchase and transfer exceeded its authority under §§ 153A-158 and 160-274(b). We reach this position primarily because the language in these statutes, assumably reflective of our legislature's intent, limits us. Therefore, absent anything else, we would be disposed under Dillon's Rule to reverse the trial court. However, in the instant case, we are guided by more than §§ 153A-158 and 160-274(b). After plaintiffs filed suit in this case, the following act was passed by our General Assembly on 20 June 1996:

CHAPTER 600
SENATE BILL 1360

AN ACT TO CONFIRM THAT STANLY COUNTY MAY PURCHASE AND CONVEY PROPERTY TO THE STATE OF NORTH CAROLINA FOR USE AS A CORRECTIONAL FACILITY.

The General Assembly of North Carolina enacts:

Section 1. The County of Stanly has power under general law to acquire real and personal property and convey it to the State under G.S. 160A-274 or other applicable law for use as a correctional facility.

Sec. 2. This act is effective upon ratification.

In the General Assembly read three times and ratified this the 20th day of June, 1996.

s/ Dennis A. Wicker
Dennis A. Wicker
President of the Senate

s/ Harold J. Brubaker
Harold J. Brubaker
Speaker of the House
of Representatives

Plaintiffs argue that Ratified Bill 1360 is nothing more than a resolution interpreting "Stanly County['s] . . . power under general law to acquire the land." We do not agree.

A plain reading of Ratified Bill 1360 (the Act) indicates that it is, in fact, a positive statement of law authorizing Stanly County's acquisition and conveyance of property to the State. Plaintiffs disagree and point to the caption of the Act as proof that the Act has no substantive legal force. The Act's caption declares that it is "An Act to Confirm that Stanly County May Purchase and Convey Property . . . ." (Emphasis in Plaintiffs' Brief).

Plaintiffs assert that the word "confirm" in the caption controls the meaning of the Act as a whole. Accordingly, plaintiffs maintain the Act is merely "a resolution stating the opinion of the General Assembly." It goes without saying that we are not bound by the apparent opinion of the legislature in the construction of statutes. *Maready v. City of Winston-Salem*, 342 N.C. 708, 716, 467 S.E.2d 615, 620 (1996). However, it is a familiar canon of construction that, when the text of a statute is clear, the caption does not control. *State v. Cronin*, 299 N.C. 229, 235, 262 S.E.2d 277, 282 (1980).

We think the text of the Act is sufficiently clear as to what it means. The Act, with unnecessary surplusage removed, states that: "[t]he County of Stanly has [the] power . . . to acquire . . . property and convey it to the State . . . for use as a correctional facility." Clearly, under this construction, Stanly County's actions are now authorized by the General Assembly. *See Al Smith Buick Co. v. Mazda Motor of America*, 122 N.C. App. 429, 435, 470 S.E.2d 552, 555, *disc. review denied*, 343 N.C. 749, 473 S.E.2d 609 (1996) (legislative intent may be ascertained from amendments to a statute). Accordingly, Stanly County's purchase of the options, and the execution of those options

for the purpose of transfer, did not violate Dillon's Rule, as those actions have been validated by the legislature's actions. Effectively, the gravamen of this dispute has been mooted. Thus, the trial court must be affirmed on this issue.

We will pay brief heed to the remaining issues.

[3] First, plaintiffs argue Stanly County did not provide adequate notice of the County Commission's plan to amend its zoning ordinances to allow the purchased property to accommodate a state prison. We disagree. According to plaintiff appellants, the newspaper advertisement for the zoning text amendment hearing stated that the County intended to add " 'government owned buildings, facilities, and institutions' to the list of permitted uses in certain zoning districts." This advertisement, plaintiff appellants contend, was a "deliberate attempt by the county commissioners to conceal from the public the true purpose of [the zoning hearing] so that concerned citizens would not attend."

In *Pinehurst Area Realty v. Pinehurst*, 100 N.C. App. 77, 80, 394 S.E.2d 251, 253 (1990), *cert. denied*, 501 U.S. 1251, 115 L. Ed. 2d 1055 (1991), this Court faced a similar question concerning the adequacy of a zoning notification. There, we held that a zoning notification is proper under N.C. Gen. Stat. § 160A-364 (1991) so long as it fairly and sufficiently notifies the affected property owner of the character of the action proposed. *Id.* We are not empowered to look behind the motives of the duly elected members of the County Commission, so long as they act in compliance with the law. In this instance, the Commission provided facially accurate notice to plaintiffs of the zoning text amendments under consideration. The notice alerted affected property owners that zoning changes were being contemplated, which would potentially allow for placement of government institutions upon land. The advertisement also described the nature and character of the action proposed. *Sellers v. City of Asheville*, 33 N.C. App. 544, 549, 236 S.E.2d 283, 286 (1977).

The mere fact that the notice provided was so generic that it did not pique plaintiffs' interest does not, in and of itself, make the notice violative of § 160A-364. We are mindful that, in the eyes of a property owner, abutting a state prison is quite a different thing from abutting a veteran's service office. However, we are a judicial, not a political, body. Since the Commission has adhered to the letter of the law, plaintiffs' true remedy in this case is a political one, and that we cannot give.

**[4]** Finally, we address the trial court's ruling against defendants on their motion for Rule 11 sanctions against plaintiffs. Whether an attorney's conduct merits Rule 11 sanctions is determined by looking at the totality of the circumstances, *Mack v. Moore*, 107 N.C. App. 87, 94, 418 S.E.2d 685, 689 (1992), and is a matter reviewable *de novo. See Turner v. Duke University*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989). We have conducted a *de novo* review of the various bases defendants posit in support of their motion for sanctions. In our view, plaintiffs' conduct in bringing this case does not merit sanctions, and we decline to remand for the taking of any further evidence on the subject. *See McClerin v. R-M Industries, Inc.*, 118 N.C. App. 640, 644-45, 456 S.E.2d 352, 355-56 (1995).

As to the various sub-issues brought by the instant parties, but not discussed herein, we find them unworthy of merit and decline to discuss them here.

Accordingly, the trial court's order dismissing plaintiffs' claims is affirmed, and the order denying defendants' motion for Rule 11 sanctions is affirmed.

Affirmed.

Judge LEWIS concurs.

Judge WALKER concurs in separate concurring opinion.

Judge WALKER concurring.

Senate Bill 1360, as ratified by the 1996 General Assembly, states the following: "The County of Stanly has power under general law to acquire real and personal property and convey it to the State under G.S. 160A-274 or other applicable law for use as a correctional facility." N.C. Gen. Stat. § 160A-274(b) provides:

> Any governmental unit may, upon such terms and conditions as it deems wise, with or without consideration, exchange with, lease to, lease from, sell to, purchase from, or enter into agreements regarding the joint use by any other governmental unit of any interest in real or personal property that it may own.

I agree with the General Assembly that Stanly County already had the authority to acquire land and transfer it to the State for use as a correctional facility. I deem that portion of the opinion which states

that Stanly County would not be authorized to make such a conveyance absent Senate Bill 1360 to be dicta and not necessary to the holding of the case.