MILEY A. PERRY AND WIFE, NANCY A. PERRY, AND PERRY AND MOORFIELD, A NORTH CAROLINA GENERAL PARTNERSHIP, PLAINTIFFS v. CAROLINA BUILDERS CORPORATION, AND WILLIAM JOSLIN, AND CHARLES H. SEDBERRY AS TRUSTEES UNDER DEEDS OF TRUST OF RECORD IN THE WAKE COUNTY REGISTRY, DEFENDANTS

No. COA97-19

(Filed 16 December 1997)

**1. Appeal and Error § 418 (NCI4th)— assignments of error— not referenced in brief**

Plaintiffs' arguments on appeal were considered in the discretion of the Court of Appeals even though their assignments of error were not referenced in their brief in violation of N.C.R. App. P. 28(b)(5).

**2. Mortgages and Deeds of Trust § 22 (NCI4th)—construction loan as first deed of trust—future advances—second deed of trust to seller—priority**

The trial court properly dismissed a declaratory judgment action to determine lien priorities for failure to state a claim where plaintiffs sold vacant lots to Everlast; the sales were financed with a first lien to CBC through a construction loan deed of trust which also secured future advances; the loan documents expressly stated that funds under the lien were for the construction of dwellings on the properties; plaintiffs were accorded a second deed of trust securing a purchase money promissory note from Everlast; a substantial portion of the funds was not used for the construction of dwellings on the lots; plaintiffs received no payments; and Everlast filed for bankruptcy. Under N.C.G.S. § 45-70, all advances made under a future advances deed of trust meeting the conditions provided in N.C.G.S. § 45-68 retain the priority of the original security instrument from the recordation date thereof. Subsequent liens, even though recorded or filed prior to certain advances, are junior to all advances under the future advances deed of trust. Plaintiffs' complaint contained no

PERRY v. CAROLINA BUILDERS CORP.

[128 N.C. App. 143 (1997)]

allegation that defendants' security instruments failed to conform to the requirements of N.C.G.S. § 45-68.

**3. Banks and Other Financial Institutions § 59 (NCI4th)— application of loan proceeds—claim by property seller and subordinate lienholder—breach of fiduciary duty—no express agreement**

The trial court properly granted defendants' motion to dismiss for failure to state a cause of action seeking monetary damages for breach of fiduciary duty by a construction lender with a higher priority lien where the proceeds were not used as intended, the borrower filed for bankruptcy, and plaintiffs, who had sold the secured property and who held the subordinate lien, received no payments. In the absence of an express contractual provision between the parties requiring defendant CBC to ensure application of the loan funds to an agreed purpose, plaintiffs were owed no such legal duty.

**4. Fraud, Deceit, and Misrepresentation § 28 (NCI4th)— application of loan proceeds—claim against lender—fraudulent misrepresentation—no allegation of reasonable reliance**

A claim for fraudulent misrepresentation against a construction lender by a subordinate lienholder who was also the seller of the property was properly dismissed under N.C.G.S. § 1A-1, Rule 12(b)(6) where there was no allegation of plaintiffs' reasonable reliance.

**5. Unfair Competition or Trade Practices § 28 (NCI4th)— misapplication of loan proceeds—claim against lender— allegations insufficient**

A claim for unfair or deceptive trade practices by a real estate seller and subordinate lienholder against the superior lienholder and lender arising from the application of loan proceeds was properly dismissed under N.C.G.S. § 1A-1, Rule 12(b)(6) for insufficient factual allegations.

Appeal by plaintiffs from judgment entered 22 November 1996 by Judge Henry V. Barnette, Jr. in Wake County Superior Court. Heard in the Court of Appeals 10 September 1997.

**PERRY v. CAROLINA BUILDERS CORP.**

[128 N.C. App. 143 (1997)]

*Burns, Day & Presnell, P.A., by David W. Boone, for plaintiffs-appellants.*

*Smith, Debnam, Hibbert and Pahl, L.L.P., by Connie E. Carrigan and Byron L. Saintsing, for defendants-appellees.*

JOHN, Judge.

Plaintiffs contend the trial court erred by granting defendants' motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6) (1990) (Rule 12(b)(6)) for failure to state a claim upon which relief might be granted. We disagree.

Pertinent allegations by plaintiffs and procedural history include the following: Between 21 November 1994 and 28 February 1995, plaintiffs sold three real estate lots in Wake County to Everlast Builders, Inc. (Everlast). The properties consisted of Lot 4 of the Alslee Oaks Subdivision (Lot 4), and Lots 16 and 24 of the Olde South Trace Subdivision (Lot 16 and Lot 24). At the time each respective transaction was closed, the lot involved was vacant.

All sales were financed in an identical manner: defendant Carolina Builders Corporation (CBC) obtained a first lien on each parcel of property through a construction loan deed of trust, which also secured future advances, and plaintiffs were accorded a second deed of trust on the parcel securing a purchase money promissory note from Everlast. CBC's loan documents expressly stated that funds advanced under the lien were for the purpose of constructing dwellings on the properties in question.

According to the complaint, plaintiffs entered into the loan transactions "in anticipation of the construction of improvements consisting of a residential home on each of the lots." Pursuant to the future advances provisions of the loan agreements, CBC advanced $206,730.00 to Everlast on Lot 4, $218,383.00 on Lot 24, and $126,000.00 on Lot 16. However, a substantial portion of these funds was not used for the construction of dwellings on the respective lots and, on 31 May 1995, Everlast filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of North Carolina.

No payments were received by plaintiffs on any of the three purchase money promissory notes, and plaintiffs subsequently filed the instant action against defendants seeking: (1) a declaratory judgment as to the "extent and priority" of the respective lien positions of plain-

tiffs and defendants, and (2) monetary damages from CBC on account of (a) breach of fiduciary duty, (b) fraudulent misrepresentation, and (c) unfair and deceptive trade practices. Defendants' 7 August 1996 motion to dismiss plaintiffs' complaint pursuant to Rule 12(b)(6) was allowed by order of the trial court 22 November 1996. From that order, plaintiffs appeal.

[1] As a preliminary matter, we note that although the record on appeal designates four assignments of error, none are referenced at any point in plaintiffs' brief. N.C.R. App. P. 28(b)(5) requires a specific and detailed reference to the relevant assignment of error immediately following each question to be argued, and further provides that assignments of error not set out in an appellant's brief are deemed abandoned. However, in our discretion pursuant to N.C.R. App. P. (2), we elect to consider plaintiffs' arguments.

[2] A 12(b)(6) motion challenges whether a complaint states a legally sufficient cause of action. *Leandro v. State of North Carolina*, 122 N.C. App. 1, 6, 468 S.E.2d 543, 547 (1996), *aff'd in part, rev'd in part on other grounds*, 346 N.C. 336, 488 S.E.2d 249 (1997). Dismissal is appropriate if the complaint

is clearly without merit; such lack of merit may consist of an absence of law to support a claim of the sort made, absence of fact sufficient to make a good claim, or the disclosure of some fact which will necessarily defeat the claim.

*Forbis v. Honeycutt*, 301 N.C. 699, 701, 273 S.E.2d 240, 241 (1981).

Plaintiffs' first cause of action sought, *inter alia*, a judgment

declaring that the lien of the deeds of trust securing repayment of the promissory notes held by Plaintiffs [are] superior in priority to the lien of the deeds of trust of Defendants. . . .

As to the viability of this cause of action in the face of a Rule 12(b)(6) challenge, plaintiffs argue that

[a] motion to dismiss a claim in an action for declaratory judgment is seldom appropriate since a claim for declaratory relief is sufficient if it alleges the existence of a real controversy arising out of the parties' opposing contentions.

We do not quarrel with the general principle advanced by plaintiffs. *See Morris v. Plyler Paper Stock Co.*, 89 N.C. App. 555, 557, 366 S.E.2d 556, 558 (1988) (declaratory judgment complaint which

"alleges the existence of a real controversy arising out of the parties' opposing contentions and respective legal rights under a deed, will or contract in writing," is ordinarily sufficient to survive Rule 12(b)(6) motion). Further, it cannot be questioned that paragraph 20 of the instant complaint provides as follows:

> [a]n actual controversy exists between the parties as to the validity and extent of the respective lien positions of the Plaintiffs and the Defendant Carolina Builders. . . .

However, assuming *arguendo* said paragraph constituted sufficient pleading of an actual controversy between the parties, the trial court nonetheless properly dismissed plaintiffs' declaratory judgment claim due to "an absence of law to support a claim of the sort made," *Forbis*, 301 N.C. at 701, 273 S.E.2d at 241; *see also Carter v. Stanley County*, 125 N.C. App. 628, 631-32, 482 S.E.2d 9, 11, *disc. review denied*, 346 N.C. 276, 487 S.E.2d 540 (1997) ("even though this matter presents a genuine controversy, plaintiffs have no basis for the relief they seek").

Instruments securing future advances are governed by N.C.G.S. §§ 45-67 through 45-79 (1996). The priority of security instruments is covered by G.S. § 45-70, which states in pertinent part:

> (a) Any security instrument which conforms to the requirements of this Article [Article 7 ("Instruments to Secure Future Advances and Future Obligations")] shall, from the time and date of registration thereof, have the same priority to the extent of all future advances secured by it, as if all the advances had been made at the time of the execution of the instrument.

G.S. § 45-68 comprises the "requirements" section of Article 7 and provides, *inter alia*, as follows:

> A security instrument, otherwise valid, shall secure future obligations which may from time to time be incurred thereunder so as to give priority thereto as provided in G.S. 45-70, if:
>
> > (1) Such security instrument shows:
> >
> > > a. That it is given wholly or partly to secure future obligations which may be incurred thereunder;
> > >
> > > b. The amount of present obligations secured, and the maximum principal amount, including present and future obligations, which may be secured thereby at any one time;

c. The period within which such future obligations may be incurred, which period shall not extend more than 15 years beyond the date of the security instrument. . . .

Plaintiffs' complaint claims that, because defendant "was not obligated to advance funds . . . not used for construction of improvements on each of the parcels," the "funds advanced without an obligation to do so [we]re not secured by the lien of the applicable deed of trust." However, the controlling statutes cited above do not require application of future advances to any particular purpose in order to retain priority.

Had the General Assembly intended to impose upon commercial lenders the type of micro-management of loan proceeds that plaintiffs envision, "it was within their power, and not ours, to so provide." *Dare County Bd. of Educ. v. Sakaria*, 127 N.C. App. 585, 492 S.E.2d 369 (1997). As a leading authority points out:

[A] number of states . . . permit all future advances to take the same priority as the original mortgage, regardless of their optional character. Most of these statutes also require a definite statement in the mortgage of the maximum amount that will be advanced under it, and withdraw priority for advances which exceed the amount stipulated . . . . The statutes usually exalt the mortgage above all types of intervening liens. . . . While a few of the statutes apply only if the future advances are for improvements to the real estate or for similar purposes, most make no requirement concerning the use of the advances.

Grant S. Nelson & Dale A. Whitman, Real Estate Finance Law, § 12.7 at 932-33 (3d ed. 1994) (citations omitted).

Therefore, under G.S. § 45-70, as in most statutes referenced in the foregoing treatise, all advances made under a future advances deed of trust meeting the conditions provided in G.S. § 45-68 retain the priority of the original security instrument from the recordation date thereof. Subsequent liens, even though recorded or filed prior to certain advances, are junior to all advances under the future advances deed of trust.

Plaintiffs' complaint contained no allegation that defendants' security instruments failed to conform to the requirements of G.S. § 45-68, nor have plaintiffs cited other authority in support of their position. Accordingly, while there may indeed exist a dispute between

**PERRY v. CAROLINA BUILDERS CORP.**

[128 N.C. App. 143 (1997)]

the parties regarding the priority of their respective liens, plaintiffs' complaint reflects "no basis for the [declaratory] relief they seek." *Carter*, 125 N.C. App. at 632, 482 S.E.2d at 11. The trial court therefore did not err in granting defendants' Rule 12(b)(6) motion as to plaintiffs' first cause of action.

**[3]** Plaintiffs' second cause of action sought monetary damages under a claim of breach of fiduciary duty. In this regard, the complaint alleged CBC

> fail[ed] to take reasonable steps to ascertain that the proceeds it advanced to Everlast Builders, Inc. were actually being used for the purpose of constructing improvements on the property. . . .

Plaintiffs' contention was squarely rejected by this Court in *Carlson v. Branch Banking and Trust Co.*, 123 N.C. App. 306, 313, 473 S.E.2d 631, 636 (1996), *disc. review denied*, 345 N.C. 340, 483 S.E.2d 162 (1997).

In *Carlson*, defendant commercial lender extended borrower a loan for the purpose of acquiring a particular business enterprise. *Id.* at 308-11, 473 S.E.2d at 633-34. However, the funds were in fact applied to such items as purchase of an automobile, construction of borrower's home, and expenses of borrower's brokerage company, and borrower ultimately defaulted. *Id.* at 311, 473 S.E.2d at 634-35. At trial, the providers of a letter of credit securing the loan prevailed on a claim of negligence against lender on the basis of evidence tending to show lender maintained no system to ensure loan funds were being applied to their stated purpose. *Id.* at 311-12, 473 S.E.2d at 634. This Court reversed and held lender owed no duty to the third-party guarantor to monitor loan proceeds, absent an express provision in the letter of credit requiring such supervision to ensure loan funds were used for the designated purpose. *Id.* at 315, 473 S.E.2d at 637 (citing *Sunset Investments, Ltd. v. Sargent*, 52 N.C. App. 284, 291, 278 S.E.2d 558, 563, *disc. review denied*, 303 N.C. 550, 281 S.E.2d 401 (1981)) (party providing letter of credit "failed at its peril" to include language in letter restricting honor and payment of the credit).

Under *Carlson*, moreover, plaintiffs' purported reliance on the purpose statement in the loan documents between defendants and Everlast was misguided.

> [P]urpose statements are permissive and merely describe what the borrower may do with the money rather than giving rise to a lender's affirmative duty to a third party.

*Id.* at 314, 473 S.E.2d at 636. Accordingly, in the absence of allegation of an express contractual provision between the instant parties requiring CBC to ensure application of the loan funds at issue to an agreed purpose, plaintiffs were owed no such legal duty. *See id.* at 315, 473 S.E.2d at 637 ("any duty on the part of a commercial lender to a guarantor to monitor the use of loan proceeds by a borrower, must arise through contract"). The trial court thus did not err in dismissing plaintiffs' claim of breach of fiduciary duty.

[4] Plaintiffs' third claim alleged CBC engaged in fraudulent misrepresentation, but included no allegation of plaintiffs' reasonable reliance thereon. *See Odom v. Little Rock & I-85 Corp.*, 299 N.C. 86, 91-92, 261 S.E.2d 99, 103 (1980) (to be sufficient, fraud claim must allege certain essential elements including, *inter alia*, "that the plaintiff reasonably relied upon the representation and acted upon it"). Because plaintiffs' fraud claim failed to plead each element of fraud with particularity, we affirm the trial court's dismissal of plaintiffs' third cause of action. *See Chesapeake Microfilm, Inc. v. Eastern Microfilm Sales and Servs.*, 91 N.C. App. 539, 542, 372 S.E.2d 901, 903 (1988) (essential elements of fraud must be pleaded with particularity).

[5] Finally, plaintiffs' complaint alleged CBC engaged in unfair and deceptive trade practices as proscribed by N.C.G.S. § 75-1.1 (1994). Our Supreme Court has observed that:

> A practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. . . . [A] practice is deceptive if it has the capacity or tendency to deceive. . . .

*Marshall v. Miller*, 302 N.C. 539, 548, 276 S.E.2d 397, 403 (1981) (citation omitted). Suffice it simply to state plaintiffs' complaint lacked sufficient factual allegations to support such a claim and was properly dismissed by the trial court. *See Wilmoth v. State Farm Mut. Auto. Ins. Co.*, 127 N.C. App. 260, ——, 488 S.E.2d 628, 630 (1997) ("pleading may be dismissed under Rule 12(b)(6) if it fails to allege a sufficient . . . factual basis for the claim").

Affirmed.

Judges LEWIS and SMITH concur.