JOHNSON v. HARRIS

[149 N.C. App. 928 (2002)]

————————

JOHN JASON JOHNSON AND CHARLES DARNELL BLACKWELL, PLAINTIFFS v. STANLEY EARL HARRIS; JEREMY CAINE FULLER (INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AS POLICE OFFICERS); AND CITY OF DURHAM, DEFENDANTS

No. COA01-628

(Filed 7 May 2002)

**1. Civil Procedure— motion to strike affidavit—voluntary dismissal**

Although plaintiffs contend the trial court erred by denying their N.C.G.S. § 1A-1, Rule 56(e) motion to strike defendant officer's 2 October 2000 affidavit in support of defendant city's

motion for summary judgment, the Court of Appeals is without jurisdiction to address this issue because plaintiffs voluntarily dismissed their claims against defendant city under N.C.G.S. § 1A-1, Rule 41, which terminated the controversy between plaintiffs and defendant city.

**2. Jurisdiction— voluntary dismissal—consideration of collateral issues—sanctions**

The termination of an action by means of an N.C.G.S. § 1A-1, Rule 41 dismissal does not deprive either the trial court or the appellate court of jurisdiction to consider collateral issues such as sanctions.

**3. Pleadings— sanctions—Rule 11—Rule 56(g)**

The trial court's 2 January 2001 order awarding N.C.G.S. § 1A-1, Rule 11 sanctions against plaintiffs' attorneys for seeking to recover attorney fees and costs associated with plaintiffs' N.C.G.S. § 1A-1, Rule 56(e) motion to strike defendant officer's affidavit in support of defendant city's motion for summary judgment is reversed, because: (1) the record indicates plaintiffs reasonably believed based on existing case law that the appropriate means for seeking attorney fees and costs associated with their Rule 56(e) motion to strike the affidavit was to move for sanctions under Rule 56(g); and (2) given the unusually sparse case law regarding Rule 56(g) and the meaning of bad faith in the context of Rule 56(g), it would be unduly harsh to conclude that plaintiffs' motion for sanctions under Rule 56(g) was so unwarranted by existing law as to merit Rule 11 sanctions.

Judge WALKER concurring in a separate opinion.

Appeal by plaintiffs from orders entered 2 January 2001 by Judge Henry V. Barnette in Durham County Superior Court. Heard in the Court of Appeals 20 February 2002.

*Glenn, Mills and Fisher, P.A., by Stewart W. Fisher, for plaintiff-appellants.*

*The Banks Law Firm, P.A., by Bryan E. Wardell, for defendant-appellee Jeremy C. Fuller.*

*Office of the City Attorney, by Assistant City Attorney Patrick Baker; Faison & Gillespie, by Reginald B. Gillespie, Jr. and Keith D. Burns, for defendant-appellee City of Durham.*

**JOHNSON v. HARRIS**

[149 N.C. App. 928 (2002)]

HUNTER, Judge.

John Jason Johnson and Charles Darnell Blackwell and their attorneys Alexander Charns and N. Cole Williams (together "plaintiffs") appeal the trial court's 2 January 2001 orders (1) denying a motion to strike an affidavit and (2) awarding Rule 11 sanctions against plaintiffs. We hold that we are without jurisdiction to address the trial court's order denying the motion to strike the affidavit. We also reverse the trial court's order granting Rule 11 sanctions against plaintiffs.

The pertinent procedural history is as follows. Plaintiffs filed a complaint against the City of Durham ("the City") and City of Durham Police Officers Stanley Harris and Jeremy Fuller (together "defendants") alleging that Officers Harris and Fuller violated plaintiffs' Fourth Amendment and common law rights during a vehicle stop. After defendants filed answers, plaintiffs deposed Officer Fuller, during which deposition Fuller's attorney instructed Fuller not to answer certain questions. Plaintiffs moved to compel Fuller to answer the questions he had failed to answer, and the trial court granted the motion and ordered that Fuller's deposition be reconvened.

Fuller then filed a motion for summary judgment, and the record does not indicate that the motion was accompanied by any affidavits. The City also filed a motion for summary judgment, which was accompanied by an affidavit from Fuller ("the 2 October 2000 affidavit" or "the affidavit"). Fuller subsequently filed an "Amended and Restated Motion for Summary Judgment," accompanied by a second affidavit from Fuller ("the 20 October 2000 affidavit").

While these motions for summary judgment were pending, Fuller's deposition was reconvened. After the deposition was concluded, plaintiffs filed a motion to strike Fuller's 2 October 2000 affidavit pursuant to Rule 56(e) of the North Carolina Rules of Civil Procedure ("Rule 56(e)"), arguing that Fuller's deposition testimony revealed that his 2 October 2000 affidavit was not based upon personal knowledge as required by Rule 56(e). Plaintiffs also filed a motion for sanctions against Fuller, Fuller's attorney, and the City's attorneys pursuant to Rule 56(g) of the North Carolina Rules of Civil Procedure ("Rule 56(g)"), arguing that Fuller's 2 October 2000 affidavit had been submitted in bad faith.

At a hearing on 13 November 2000, the trial court denied plaintiffs' Rule 56(e) motion to strike Fuller's 2 October 2000 affidavit, and

also denied plaintiffs' Rule 56(g) motion for sanctions. Defendants then orally moved for sanctions against plaintiffs pursuant to Rule 11 of the North Carolina Rules of Civil Procedure ("Rule 11"), arguing that plaintiffs' Rule 56(g) motion for sanctions was not well grounded in fact or in law. The trial court indicated that it would take under advisement defendants' motion for Rule 11 sanctions, as well as Fuller's pending motion for summary judgment. Two days after the hearing, the attorney for the City served the trial court and plaintiffs with an affidavit in support of the motion for Rule 11 sanctions. That same day, Fuller's attorney delivered by hand a letter and affidavit to the trial court regarding the motion for Rule 11 sanctions, but failed to serve these documents on plaintiffs until five days later. On 17 November 2000, before plaintiffs received the letter and affidavit from Fuller's attorney, the trial court filed a "Memorandum of Decision" granting Fuller's motion for summary judgment, and also granting the motion for Rule 11 sanctions against plaintiffs.[1] Plaintiffs filed a Notice of Appeal from the "Memorandum of Decision" on 11 December 2000.

Plaintiffs' claims against Officer Harris were tried before a jury on 27 November 2000, and the jury found in favor of Harris on all claims. On 2 January 2001, the trial court entered a formal order denying plaintiffs' Rule 56(e) motion to strike Fuller's affidavit (embodying the ruling made at the hearing) and a formal order granting defendants' motion for Rule 11 sanctions against plaintiffs (embodying the ruling in the court's "Memorandum of Decision"). On 8 January 2001, plaintiffs filed a Notice of Appeal from the two orders entered 2 January 2001. On 10 January 2001, attorneys Charns and Williams filed a separate Notice of Appeal from the 2 January 2001 order granting Rule 11 sanctions. On 2 April 2001, plaintiffs voluntarily dismissed the remaining claims against the City without prejudice pursuant to Rule 41 of the North Carolina Rules of Civil Procedure ("Rule 41").

On appeal, plaintiffs assign error to: (1) the trial court's denial of plaintiffs' Rule 56(e) motion to strike Fuller's 2 October 2000 affidavit; and (2) the trial court's grant of defendants' motion for Rule 11 sanctions against plaintiffs for filing the Rule 56(g) motion for sanctions. Plaintiffs do not assign error to the trial court's denial of

---

1. The trial court specifically granted Rule 11 sanctions against attorneys Charns and Williams, and not against either of the named plaintiffs, Johnson or Blackwell. However, this opinion will refer simply to "Rule 11 sanctions against plaintiffs" for purposes of convenience.

plaintiffs' Rule 56(g) motion for sanctions. Plaintiffs also do not assign error to the trial court's grant of summary judgment in favor of Fuller.

[1] We first address the trial court's denial of plaintiffs' Rule 56(e) motion to strike Fuller's 2 October 2000 affidavit. The record indicates that the affidavit in question was filed in support of the City's motion for summary judgment. As noted above, plaintiffs have voluntarily dismissed without prejudice their claims against the City pursuant to Rule 41. We hold that we are without jurisdiction to address this issue as a result of plaintiffs' voluntary dismissal of their claims against the City, since such dismissal served to terminate the controversy between plaintiffs and the City. *See Teague v. Randolph Surgical Assoc.*, 129 N.C. App. 766, 773, 501 S.E.2d 382, 387 (1998).[2]

[2] Plaintiffs' remaining arguments all involve the trial court's grant of Rule 11 sanctions. We first note that the termination of an action by means of a Rule 41 dismissal does not deprive either the trial court, or the appellate court, of jurisdiction to consider collateral issues such as sanctions. *See Bryson v. Sullivan*, 330 N.C. 644, 653, 412 S.E.2d 327, 331 (1992). Therefore, the fact that plaintiffs have voluntarily dismissed their claims against the City does not preclude this Court from reviewing the grant of defendants' motion for Rule 11 sanctions.

[3] On appeal, plaintiffs argue that the trial court erred in awarding Rule 11 sanctions. Because we agree, we need not reach plaintiffs' other arguments.

Rule 11 provides in pertinent part:

Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. . . . The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reason-

2. The record indicates that the affidavit in question was not filed by Fuller in support of either of his motions for summary judgment. However, the denial of plaintiffs' motion to strike this affidavit would still be moot even if the affidavit had also been submitted in support of Fuller's motions for summary judgment because plaintiffs have not appealed the order granting summary judgment in favor of Fuller and, therefore, that judgment has become final, terminating the controversy between plaintiffs and Fuller.

able inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. . . . If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction . . . .

N.C. Gen. Stat. § 1A-1, Rule 11(a) (1999). Pursuant to Rule 11, an attorney certifies three distinct things as being true by signing a pleading, motion, or other paper: (1) that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; (2) that it is well grounded in fact; and (3) that it is not interposed for any improper purpose. *See Bumgardner v. Bumgardner*, 113 N.C. App. 314, 322, 438 S.E.2d 471, 476 (1994). "A breach of the certification as to any one of these three prongs is a violation of [Rule 11]." *Id.* In determining whether an attorney's conduct merits sanctions pursuant to Rule 11, the court must consider the totality of the circumstances. *See Carter v. Stanly County*, 125 N.C. App. 628, 636, 482 S.E.2d 9, 13-14, *disc. review denied*, 346 N.C. 276, 487 S.E.2d 540 (1997).

In reviewing a trial court's determination to award Rule 11 sanctions, the appellate court conducts a *de novo* review. *Twaddell v. Anderson*, 136 N.C. App. 56, 70, 523 S.E.2d 710, 720 (1999), *disc. review denied*, 351 N.C. 480, 543 S.E.2d 510 (2000). Pursuant to this review, the appellate court must determine: "(1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by a sufficiency of the evidence." *Id.*

In the present case, plaintiffs moved to strike Fuller's 2 October 2000 affidavit on the grounds that it violated Rule 56(e), which requires that an affidavit accompanying a motion for summary judgment "shall be made on personal knowledge." N.C. Gen. Stat. § 1A-1, Rule 56(e) (1999). Plaintiffs alleged, and the record establishes, that Fuller testified during his reconvened deposition that he was not familiar with the phrase "car frisk," which phrase appears in at least twelve places in his affidavit. For example, in his affidavit Fuller averred that he is aware that "reasonable suspicion is required to stop or frisk an individual or to conduct a 'car frisk,' " and that he did not

"conduct a 'car frisk' of Plaintiff John Jason Johnson's vehicle." The motion further alleged, and Fuller's deposition testimony establishes, that although Fuller used the phrase "car frisk" on numerous occasions in his affidavit, at the time he signed the affidavit, Fuller had never heard the phrase "car frisk" or used it himself, and was not certain as to the meaning of the phrase. His testimony further indicates that, upon reading the affidavit, he assumed that "car frisk" meant the same thing as a "safety search" or a "weapons check" of a car (which was, apparently, a correct assumption).

Along with their Rule 56(e) motion to strike the affidavit as not being based upon personal knowledge, plaintiffs also requested that Fuller, Fuller's attorney, and the City's attorneys be ordered to pay attorney's fees and costs incurred by plaintiffs in making their Rule 56(e) motion to strike the affidavit. These sanctions were sought pursuant to Rule 56(g), which provides:

> Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees.

N.C. Gen. Stat. § 1A-1, Rule 56(g) (1999). Plaintiffs alleged that sanctions were warranted pursuant to Rule 56(g) because: "At a minimum, the affidavit was signed, filed and used in bad faith. Defendant City of Durham, who has the power to fire Defendant Fuller, had its attorney or attorneys prepare an affidavit using phrases Defendant Fuller did not use, and terms which he did not know the meaning."

It should also be noted that in their Rule 56(g) motion, plaintiffs specifically cited *Zaldivar v. City of Los Angeles*, 780 F.2d 823 (9th Cir. 1986), for the proposition that "the filing of inappropriate affidavits in support of, or in opposition to, motions for summary judgment should be considered under Rule 56(g), rather than Rule 11." *Id.* at 830. Plaintiffs also cited *Brooks v. Giesey*, 334 N.C. 303, 432 S.E.2d 339 (1993), in which case our Supreme Court approvingly quoted *Zaldivar* for the proposition that " 'Rule 11 is not . . . properly used to sanction the inappropriate filing of papers where other rules more directly apply.' " *Id. at* 319, 432 S.E.2d at 348 (citation omitted).

In its 2 January 2001 order granting defendants' motion for Rule 11 sanctions against plaintiffs, the trial court first reviewed Officer Fuller's 2 October 2000 affidavit and Fuller's deposition testimony. The trial court then correctly found that plaintiffs' Rule 56(e) motion to strike was based upon the contention that the affidavit was not based upon personal knowledge, and that plaintiffs' Rule 56(g) motion for sanctions was based upon the theory that defendants had submitted the affidavit in bad faith. The trial court also correctly found that Rule 56(g) does not define "bad faith," and that "[t]here are apparently no cases from North Carolina's appellate courts which interpret or apply Rule 56(g)." The trial court also cited *Jaisan, Inc. v. Sullivan*, 178 F.R.D. 412 (S.D.N.Y. 1998), for the proposition that " '[i]n the rare instances in which Rule 56(g) sanctions have been granted, the conduct has been egregious.' " *Id.* at 415 (citation omitted).

The trial court then entered the following pertinent findings:

17. Plaintiffs' Motion for Sanctions is based on the theory that:

(a) the City's attorneys prepared the affidavit and submitted it to Officer Fuller or his attorney;

(b) that the City's attorneys knew that Officer Fuller was not familiar with the term "car frisk" or learned that Officer Fuller was not familiar with the term "car frisk";

(c) that the City's attorneys, using threats of termination, coerced Officer Fuller to sign the affidavit; and

(d) the City's attorneys filed the affidavit with the Court with the knowledge that it was false and with the intent to mislead or deceive the Court.

The trial court further found that plaintiffs had not offered any evidence to support this theory, and that the Rule 56(g) motion was, therefore, not well grounded in fact. In a footnote immediately following Finding of Fact Seventeen, the trial court noted:

If Plaintiffs are alleging some lesser misconduct which does not include a deliberate attempt to mislead the Court, their motion fails to show that this is one of the "rare instances" of "particularly egregious" misconduct which will support a

Rule 56(g) motion and the motion is not warranted by existing law.

Thus, the trial court awarded Rule 11 sanctions against plaintiffs.

The trial court appears to have been unsure about the theory underlying plaintiffs' Rule 56(g) motion for sanctions. The trial court appears to have determined that plaintiffs contended that the attorneys for the City engaged in an intentional and unethical act of fraud upon the Court by coercing Officer Fuller to sign an affidavit which the City and Officer Fuller knew was substantively false. The trial court further determined that, this being plaintiffs' theory, the Rule 56(g) motion was not well grounded in fact. However, the trial court also acknowledged that plaintiffs might be alleging "some lesser misconduct which does not include a deliberate attempt to mislead the Court," in which case, the trial court found, plaintiffs' Rule 56(g) motion would not be warranted by existing law.

After carefully reviewing plaintiffs' Rule 56(g) motion, as well as the transcript of the hearing, we hold: (1) that the trial court's finding that plaintiffs' Rule 56(g) motion was based upon the theory that the City had intentionally coerced Fuller to sign an affidavit that the City and Fuller knew was substantively false is not supported by the evidence; (2) that plaintiffs' Rule 56(g) motion was, instead, based upon the contention that an affidavit in support of a motion for summary judgment is submitted in bad faith where it is signed by an affiant who is uncertain about the meaning of certain phrases in the affidavit which are vital to the affidavit's bearing upon the motion for summary judgment; and (3) that the legal basis for plaintiffs' Rule 56(g) motion was not so unwarranted by existing law as to merit Rule 11 sanctions.

As noted above, plaintiffs alleged in their motion that, at a minimum, the affidavit was submitted in bad faith because Officer Fuller signed the affidavit despite the fact that Fuller was uncertain as to the meaning of certain vital phrases in the affidavit at the time he signed it. At the hearing on the motion, plaintiffs again argued to the trial court that Fuller's affidavit was not based upon his personal knowledge and that a party should not be permitted to submit, in support of a motion for summary judgment, an affidavit that contains a term which the affiant does not use, and with which the affiant is not familiar. Plaintiffs further clarified that, although they believed the City should not have prepared an affidavit containing terms with which Officer Fuller was not familiar, their motion for sanctions was also

addressed to Officer Fuller because "ultimately, it's defendant Fuller who swore to the truth and the personal knowledge of this affidavit, [and it] can't be all blamed on lawyers."

Plaintiffs' motion and the transcript of the hearing compel the conclusion that the motion was based upon the allegation that, at the very least, Fuller's deposition testimony established that he had signed an affidavit when he was less than certain as to the meaning of a phrase which appeared twelve times in the deposition and which was, undeniably, crucial to the import of the affidavit and to its bearing upon the City's motion for summary judgment. Thus, plaintiffs sought to have the affidavit stricken pursuant to Rule 56(e), and they also sought, understandably, to recover the attorney's fees and costs associated with their motion to strike. The citations in plaintiffs' motion to *Zaldivar* and *Brooks* imply that plaintiffs' research indicated that sanctions based upon the filing of inappropriate affidavits in support of, or in opposition to, motions for summary judgment should be sought pursuant to Rule 56(g), rather than Rule 11. Thus, plaintiffs presented the argument that, because the meaning of the phrase "car frisk" was vital to the affidavit's bearing upon the motion for summary judgment, and because Fuller's deposition testimony indicated that he was uncertain as to the meaning of this term when he signed the affidavit, the affidavit had been submitted in bad faith.

Plaintiffs were ultimately unable to persuade the trial court that Fuller's affidavit was not based upon personal knowledge, or that it was submitted in bad faith, and, as noted above, the trial court's rulings on these issues are not now before us. However, we do not believe that plaintiffs should be sanctioned for seeking to recover attorney's fees and costs associated with their Rule 56(e) motion to strike the affidavit by moving for sanctions pursuant to Rule 56(g).

This Court has stated that:

Rule 11 was instituted to prevent abuse of the legal system, our General Assembly never intending to constrain or discourage counsel from the appropriate, well-reasoned pursuit of a just result for their client. Case law clearly supports the fact that just because a plaintiff is eventually unsuccessful in her claim, does not mean the claim was inappropriate or unreasonable. An otherwise reading of the law would compromise every attorney's ability to pursue a claim where the status of the law is subject to

dispute and force litigants to refrain from arguing all but the most clear-cut of issues.

*Grover v. Norris*, 137 N.C. App. 487, 495, 529 S.E.2d 231, 235-36 (2000). The record indicates that plaintiffs reasonably believed, based on existing case law, that the appropriate means for seeking attorney's fees and costs associated with their Rule 56(e) motion to strike Fuller's affidavit was to move for sanctions pursuant to Rule 56(g). Thus, plaintiffs attempted to persuade the court that Fuller's affidavit, which they contended was not based upon personal knowledge, was also submitted in "bad faith" pursuant to Rule 56(g). Given the unusually sparse case law regarding Rule 56(g) and the meaning of "bad faith" in the context of Rule 56(g), we believe it would be unduly harsh to conclude that plaintiffs' motion for sanctions pursuant to Rule 56(g) was so unwarranted by existing law as to merit Rule 11 sanctions. This is especially so given the fact that both *Zaldivar* and *Brooks* can be read as implying that Rule 56(g) may be an appropriate basis for seeking sanctions even where a party files a merely "inappropriate" affidavit in support of, or in opposition to, a motion for summary judgment. *See Zaldivar*, 780 F.2d at 830; *Brooks*, 334 N.C. at 319, 432 S.E.2d at 348. "Rule 11 should 'not have the effect of chilling creative advocacy,' and therefore, in determining compliance with Rule 11, 'courts should avoid hindsight and resolve all doubts in favor of the signer.' " *Bryson v. Sullivan*, 102 N.C. App. 1, 8, 401 S.E.2d 645, 651 (1991) (citations omitted), *affirmed in part and reversed in part on other grounds*, 330 N.C. 644, 412 S.E.2d 327 (1992). Examining the totality of the circumstances, and resolving all doubts in favor of plaintiffs, we hold that the trial court erred in awarding Rule 11 sanctions against plaintiffs. Therefore, the trial court's 2 January 2001 order awarding Rule 11 sanctions against plaintiffs is reversed.

Reversed.

Judge BRYANT concurs.

Judge WALKER concurs in a separate opinion.

WALKER, Judge, concurring.

I concur with the majority opinion which holds that this Court is without jurisdiction to address the appeal of the denial of plaintiffs' Rule 56(e) motion and that the trial court erred in awarding Rule 11 sanctions against plaintiffs and should be reversed.

"Whether an attorney's conduct merits Rule 11 sanctions is determined by looking at the totality of the circumstances . . ., and is a matter reviewable *de novo*." *Carter v. Stanly County*, 125 N.C. App. 628, 636, 482 S.E.2d 9, 13-14, *disc. rev. denied*, 346 N.C. 276, 487 S.E.2d 540 (1997) (citations omitted). Because our review is *de novo*, we only need to look at whether Rule 11 sanctions should be imposed on plaintiffs for filing their Rule 56(g) motion. Rule 11 provides that a motion must be: (1) warranted by existing law or the good faith modification or extension of existing law, (2) well grounded in fact, and (3) made for a proper purpose. *Golds v. Central Express, Inc.*, 142 N.C. App. 664, 668, 544 S.E.2d 23, 27, *disc. rev. denied*, 353 N.C. 725, 550 S.E.2d 775 (2001). If any one of these does not exist, Rule 11 sanctions are appropriate. *Id.*

Applying this test here, we first determine whether plaintiffs' Rule 56(g) motion for sanctions is warranted by existing law or the good faith modification or extension of existing law. N.C. Gen. Stat. § 1A-1, Rule 56(g) allows for the court, if it finds an affidavit is submitted in bad faith or solely for the purpose of delay, to award expenses, including attorney's fees, to the opposing party. While there is limited case law on what constitutes "bad faith" under Rule 56(g), our Supreme Court has approved the use of Rule 56(g) sanctions for "the filing of inappropriate affidavits" in support of summary judgment motions. *Brooks v. Giesey*, 334 N.C. 303, 319, 432 S.E.2d 339, 348 (1993). Thus, our existing case law or a good faith extension of our case law supports the legal theory that where an affidavit has been submitted in support of summary judgment and was done in bad faith or was inappropriate, Rule 56(g) allows for the recovery of attorney's fees and expenses.

We next look to see whether plaintiffs' Rule 56(g) motion was well grounded in fact. Plaintiffs alleged that, in his affidavit, Officer Fuller used the phrase "car frisk" multiple times. Further, in his sworn deposition, he repeatedly denied having ever used the term or of actually knowing its meaning. Officer Fuller also testified under oath that his employer had been the one who prepared the affidavit. The inference is that the signing and filing of the affidavit, prepared by his employer, with terms he did not know, use, or understand, was in bad faith and inappropriate. Thus, we agree with the majority that the Rule 56(g) motion was well grounded in fact.

We finally ask whether the motion was filed for an improper purpose. "[J]ust because a plaintiff is eventually unsuccessful in her claim does not mean the claim was inappropriate or unreasonable."

*Grover v. Norris,* 137 N.C. App. 487, 495, 529 S.E.2d 231, 235 (2000). "An improper purpose is 'any purpose other than one to vindicate rights . . . or to put claims of right to a proper test.' " *Brown v. Hurley,* 124 N.C. App. 377, 382, 477 S.E.2d 234, 238 (1996) (*quoting Mack v. Moore,* 107 N.C. App. 87, 93, 418 S.E.2d 685, 689 (1992)). "An objective standard is used to determine the existence of an improper purpose, with the burden on the movant to prove such improper purpose." *Id.* As the majority notes, "The record indicates that plaintiffs reasonably believed, based on existing case law, that the appropriate means for seeking attorney's fees and cost associated with their Rule 56(e) motion to strike Fuller's affidavit was to move for sanctions pursuant to Rule 56(g)." There has been no showing by defendants that the plaintiffs' motion for Rule 56(g) sanctions was filed for an improper purpose.

Thus, I concur with the majority in holding that the trial court erred in awarding Rule 11 sanctions against plaintiffs for the filing of their Rule 56(g) motion.