LEVERETTE v. BATTS TEMP. SERVS., INC.

[165 N.C. App. 328 (2004)]

ROBERT A. LEVERETTE, ON BEHALF OF HIMSELF AND ALL OTHER PERSONS SIMILARLY SITU-
ATED, PLAINTIFFS v. BATTS TEMPORARY SERVICES, INC. D/B/A LABOR WORKS OR
LABOR WORLD, BILL C. SCHLEUNING, LORRAINE SCHLEUNING, AND SEAN A.
FORE, DEFENDANTS

No. COA03-818

(Filed 6 July 2004)

**1. Costs— refiled action—prior action involuntarily dis-
missed—inherent authority not appropriate**

The trial court abused its discretion by dismissing a second
action for failure to pay deposition costs in the first action.
Although the court indicated that it was using its authority under
N.C.G.S. § 1A-1, Rule 41 and its inherent power to enforce its own
orders, the first case was involuntarily dismissed and the taxation
of costs was not an order, and there was no occasion for the use
of the court's inherent authority because other methods existed
for the enforcement of a civil judgment.

**2. Pleadings— Rule 11 sanctions—properly denied**

Rule 11 sanctions were properly denied where the court con-
cluded that defendant's motion to dismiss and an earlier motion
to stay were well-grounded in law and fact.

Appeal by plaintiffs from order entered 10 April 2003 by Judge
Evelyn W. Hill, Superior Court, Wake County. Heard in the Court of
Appeals 30 March 2003.

*Law Offices of Robert J. Willis, by Robert J. Willis, for plaintiff-
appellant.*

*Bailey & Dixon, L.L.P., by Gary S. Parsons, Kenyann Brown
Stanford, and Jennifer D. Maldonado, for defendant-appellees.*

WYNN, Judge.

This appeal concerns the dismissal of a second action based on
Plaintiff's failure to pay costs awarded to Defendants in an earlier
action that was dismissed on jurisdictional grounds. Plaintiff con-
tends in this appeal that the dismissal of his second action was
improper because although it arose under the same facts as the ear-
lier dismissed action, it involved different claims. We hold that the
trial court lacked authority to dismiss *Leverette II* because of

**LEVERETTE v. BATTS TEMP. SERVS., INC.**

[165 N.C. App. 328 (2004)]

Plaintiff's failure to pay costs under *Leverette I.* Accordingly, we remand this matter to the trial court.

The facts tend to show that in *Leverette I,* Plaintiff brought an action against Defendants Batts Temporary Services, Inc., and its owners, Bill Schleuning, Lorraine Schleuning, and Sean Fore on behalf of himself and other similarly situated former employees of Defendants. Plaintiff contended Defendants had violated the North Carolina Wage and Hour Act by making wage deductions for transportation charges that were incident of and necessary to the temporary employment provided by Defendants.

By order entered 21 February 2002, the trial court dismissed *Leverette I* for insufficient process, insufficient service of process, and lack of personal jurisdiction over Defendants. Thereafter, the trial court granted Defendants' motion for costs under N.C. Gen. Stat. § 6-20 stating in pertinent part: "It is, therefore, ORDERED, in the Court's discretion, that Defendants' deposition costs, in the amount of $514.40, are hereby taxed against Plaintiffs." Shortly thereafter, Plaintiff filed a notice of appeal for *Leverette I.*

In the meantime, upon the dismissal of *Leverette I* on 21 February 2002, Plaintiff filed a second action against Defendants—*Leverette II*—alleging two claims under Chapter 95 of our General Statutes. However, the trial court stayed that action pending the appeal of *Leverette I.* Plaintiff responded by dismissing his appeal of *Leverette I* thus prompting the dissolution of the stay of *Leverette II.*

In January 2003, Defendants moved to stay *Leverette II* on the grounds that Plaintiff had not paid the costs awarded in *Leverette I*; in turn, Plaintiff moved for Rule 11 sanctions. At the hearing on these motions, Defendants orally moved to amend their motion to include a request for dismissal pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(b). On 10 April 2003, the trial court granted Defendants' motion and dismissed *Leverette II* based upon Plaintiff's failure to pay costs awarded in *Leverette I.* Plaintiff appeals.

---

[1] On appeal, Plaintiff first contends the costs order in *Leverette I* taxing the deposition costs upon him could not be enforced pursuant to N.C. Gen. Stat. § 1A-1, Rule 41 or the trial court's contempt powers or inherent authority; rather, he contends the order should be treated as a civil judgment and enforced as such. We agree.

In explaining the distinction between taxing costs against a party and ordering the payment of costs, this Court in *In re Estate of Tucci* stated,

> "There is a clear difference between including attorney's fees in the costs taxed against a party to a lawsuit and in ordering the payment of attorney's fees. When costs are taxed, they establish a liability for payment thereof, and if a fund exists which is the subject matter of the litigation, costs may be ordered paid out of the fund prior to distribution of the balance thereof to the persons entitled. If no such fund exists, the satisfaction of the judgment for costs may be obtained by methods as for the enforcement of any other civil judgment."

*Id.*, 104 N.C. App. 142, 149, 408 S.E.2d 859, 864 (1991) (quoting *Smith v. Price*, 315 N.C. 523, 538, 340 S.E.2d 408, 417 (1986)). In *Leverette I*, the trial court's order stated "It is, therefore, ORDERED, in the Court's discretion, that Defendants' deposition costs, in the amount of $514.40, are hereby taxed against Plaintiffs." Thus, the trial court's order in *Leverette I* should not be characterized as an order; rather, it was a civil judgment.

In dismissing *Leverette II* for failure to pay the deposition costs, the trial court indicated it was utilizing its authority under N.C. Gen. Stat. § 1A-1, Rule 41 and its "inherent power to take those actions necessary to the proper administration of justice, including those actions necessary to enforce its own appropriately entered orders and to sanction their disobedience." However, Rule 41 does not authorize the trial court's dismissal in this case. Indeed, under Rule 41(d), dismissal of an action is required when a plaintiff fails to pay the costs taxed upon him *as a result of a voluntary dismissal*. Under subsection (b), a defendant may move for dismissal "for failure of the plaintiff to prosecute or to comply with these rules or any order of court." Neither situation is present in this case as *Leverette I* was involuntarily dismissed and the taxation of costs in *Leverette I* was not an order.

Moreover, the trial court did not have the inherent authority to dismiss *Leverette II*.

> The very conception of inherent power carries with it the implication that its use is for occasions not provided for by established methods . . . . [Only w]hen [established] methods fail and the court shall determine that by observing them the assistance nec-

**LEVERETTE v. BATTS TEMP. SERVS., INC.**

[165 N.C. App. 328 (2004)]

essary for the due and effective exercise of its own functions cannot be had, or when an emergency arises which the established methods cannot or do not instantly meet, then and not till then does occasion arise for the exercise of the inherent power.

*In re Alamance County Court Facilities*, 329 N.C. 84, 100, 405 S.E.2d 125, 133 (1991). The trial court in *Leverette I*, taxed costs upon Plaintiff pursuant to N.C. Gen. Stat. § 6-20. Under N.C. Gen. Stat. § 6-4, "when costs are not paid by the party from whom they are due, the clerk of superior court shall issue an execution for the costs and attach a bill of costs to each execution. The sheriff shall levy the execution as in other cases." Furthermore, as indicated by our Supreme Court in *Smith v. Price*, the costs judgment may be satisfied by methods used to enforce other civil judgments. *Smith*, 315 N.C. at 538, 340 S.E.2d at 417. Therefore, as other methods exist for the enforcement of the costs judgment, the occasion does not arise for the use of the trial court's inherent authority. Accordingly, we vacate the order dismissing *Leverette II* and remand for further proceedings.

**[2]** Plaintiff also contends the trial court erroneously denied his motion for Rule 11 sanctions under which he contended Defendants' motion to dismiss *Leverette II* for failure to pay costs in the earlier action was neither well-grounded in fact nor warranted by existing law or a good faith argument for the extension, modification, or reversal of case authority interpreting and applying Rule 41(d). "In reviewing a trial court's determination to award Rule 11 sanctions, the appellate court conducts a *de novo* review. Pursuant to this review, the appellate court must determine: (1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by a sufficiency of the evidence." *Johnson v. Harris*, 149 N.C. App. 928, 933, 563 S.E.2d 224, 227 (2002).

In this case, the trial court concluded:

Defendants' motion to dismiss this action pursuant to G.S. § 1A-1, Rule 41(b), as well as Defendants' earlier motion to abate or stay this action, pursuant to G.S. § 6-20, are well-grounded in both fact and law and are not subject to sanctions pursuant to G.S. § 1A-1, Rule 11.

We agree with the trial court's conclusion and therefore affirm its denial of Rule 11 sanctions in this case.

Finally, Plaintiff contends the trial court erroneously stayed *Leverette II* pending the appeal of *Leverette I*. However, instead of appealing from that order, Plaintiff dismissed his appeal of *Leverette I* and proceeded with discovery in *Leverette II*. As such, this issue is moot. *See Roberts v. Madison County Realtors Ass'n*, 344 N.C. 394, 398-99, 474 S.E.2d 783, 787 (1996) (stating "a case is 'moot' when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy").

In sum, in light of our Supreme Court's holding in *Smith v. Price*, the trial court in *Leverette II* misconstrued the taxation of costs in *Leverette I* as a costs order rather than a civil judgment. As the taxation of costs may be enforced as a civil judgment, the trial court abused its discretion in dismissing *Leverette II* for failure to pay costs in *Leverette I*. However, we affirm the trial court's denial of Rule 11 sanctions and dismiss Plaintiff's appeal of the order staying the proceedings in *Leverette II* pending the appeal of *Leverette I* as moot. Finally, we find no merit in Leverette's remaining issues on appeal.

Vacated in part, affirmed in part, dismissed in part.

Judges HUNTER and TYSON concur.